**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KHARII W. BRODIE,

                    **Plaintiff,**

          **v.**

BRENT JACKSON,

                    **Defendant.**

**Civil Action No. 11-1769 (BJR)**

**MEMORANDUM OPINION**

## I.  INTRODUCTION

Pro se Plaintiff, Kharii W. Brodie, was convicted of a federal crime.  In his criminal

appeal and habeas petition, Brodie unsuccessfully challenged his conviction and sentence by

arguing that his former criminal attorney, Brent Jackson, had represented him ineffectively.  In

the instant suit, Brodie alleges that Jackson committed legal malpractice during the course of his

representation.  The matter is currently before the Court upon consideration of Jackson's Motion

for Judgment on the Pleadings, in which he argues that Brodie's legal malpractice claims are

precluded under the doctrine of collateral estoppel.  For the following reasons, the Court grants

the Defendant's motion.

## II.  FACTUAL & PROCEDURAL BACKGROUND

In August 2004, a grand jury indicted Brodie of wire fraud and conspiring to make false

statements to financial institutions to obtain mortgage loans.  *See United States v. Brodie*, Crim.

No. 02-190, Second Superseding Indictment [Dkt. #95] at 1.  Assistant United States Attorney

Katherine Worthington presented the government's evidence to the grand jury.  *See* Amd.

Compl. at 2.

In January 2005, a jury found Brodie guilty of the charges in this indictment.  *See United States v. Brodie*, 524 F.3d 259, 261 (D.C. Cir. 2008).  During his trial, Brodie was represented by Attorney Bruce Johnson and prosecuted by AUSA Jonathan Rosen.

After his conviction, Brodie retained Brent Jackson, the defendant in the instant case, to represent him in obtaining post-trial relief and at his sentencing.  Specifically, Defendant Jackson agreed to do the following post-trial relief work:

> Trial Relief – Due to the fact that this firm is concerned with the representation of the prior attorney during trial, it will be this firm's task to review the entire cause of action to discern whether or not there exists a sufficiency of evidence claim; to review any and all evidence that has not been introduced by his attorney (or review evidence that his trial attorney was not aware of); to converse with witnesses and/or ascertain whether additional witnesses are available; to discern whether or not said statutory sections are appropriate; to file relevant motions with the Court with regard to bond (if appropriate), to set aside the verdict of the Court, and other post conviction motions which are appropriate and possess merit; and to perform any and all tasks which are relevant and appropriate hereunder.

Amd. Compl., Ex. B-1 ("letter of engagement").  Defendant Jackson entered an appearance in February 2005.

Brodie alleges that Jackson never filed "the motions he was hired to submit."  Pl.'s Opp'n at 4.  Brodie furthermore claims that he paid Jackson an additional $5,000 to attain an expedited trial transcript, and that Jackson never reviewed the trial transcript with Brodie.  *Id.*

Ultimately, Brodie was sentenced to 57 months of imprisonment, three years of supervised release and ordered to pay $355,449.70 in restitution.  In September 2005, Jackson withdrew as counsel.  Pl.'s Opp'n at 4.

Brodie, by then incarcerated and proceeding *pro se*, filed an appeal, asserting *inter alia* ineffective assistance of counsel.  Brodie claims that he asked Jackson for his "entire original

court files," and that Jackson's failure to comply greatly hindered Brodie's ability to successfully argue his appeal.  Pl.'s Opp'n at 5.

In March 2009, Brodie was released from prison.  Pl.'s Opp'n at 5.  Shortly afterwards, in April 2009, Brodie moved the district court to vacate, set aside or correct his sentence, asserting, *inter alia*, a litany of alleged errors by his criminal attorney resulting in ineffective assistance of counsel.  Judge Huvelle, who had presided over his criminal case, denied Brodie's motion. *United States v. Brodie*, Crim. No. 02-190, Mem. Op. (Dkt # 174) at 3.

In September 2009, Brodie filed a civil complaint against 17 individuals, including most of the judges sitting on the D.C. Circuit bench, Judge Huvelle, the Attorney General, the Bureau of Prisons Director, AUSA Rosen, AUSA Worthington, Johnson and Jackson.  *See Brodie v. Worthington et al.*, Civil Action No. 09-1828, Compl. (Dkt. #1).  Judge Kennedy dismissed these claims, and, in particular, dismissed the legal malpractice claims against Jackson due to insufficiency of process.  *See id.*, Order (Sept. 21, 2011, Dkt. # 110).  The case was transferred to the undersigned Judge, who denied Brodie's motion for reconsideration.  The D.C. Circuit affirmed that decision in September 2012.

A few weeks later, in October 2011, Brodie filed the instant complaint against Jackson only.  Defendant Jackson moved to dismiss, arguing that Brodie's claims were barred by the statute of limitations and collateral estoppel.  In the alternative, Jackson moved for a more definite statement.  The Court denied Defendant Jackson's motion to dismiss, but granted his motion for a more definite statement.  Mem. Op. (July 24, 2012) at 3.  Given the lack of clarity in the original Complaint, the Court declined to rule as to whether collateral estoppel precluded Brodie's legal malpractice claims.

Brodie filed his Amended Complaint on July 26, 2012.  *See generally* Amd. Compl. Jackson again moved for dismissal, arguing that the amended complaint remained vague and inadequate and, therefore, did not meet pleading requirements.  The Court rejected these arguments, finding that Brodie's amended complaint met the requirements of Federal Rule of Civil Procedure 8(a).  Mem. Op. (November 9, 2012) at 12.  The Court did, however, dismiss *sua sponte* Counts 1 and 2 for failure to state a claim.

Brodie's remaining claims center around his argument that Jackson committed legal malpractice when he failed to file a motion for judgment of acquittal based on what Brodie claims were false statements by the criminal prosecutors.  Pl.'s Opp'n at 3.  According to Brodie, AUSA Worthington falsely told the grand jury that Brodie had lied on mortgage loan applications by stating that he was a United States citizen, that he was not self-employed, and by falsifying the income he had earned for tax years 1995 and 1996.  Amd. Compl. at 2 & ¶ 15. Similarly, Brodie claims that the AUSA Rosen and Johnson had entered into allegedly inaccurate stipulations during the trial, namely, that Brodie was not a United States citizen and that the Internal Revenue Service did not have any record of Brodie's tax identification number.  Amd. Compl. at 2, ¶¶ 16-17.

More generally, Brodie claims that Jackson should have filed a motion to dismiss or taken other legal action based on the fact that Plaintiff was a United States citizen.  Amd. Compl. ¶ 18.  Additionally, Brodie claims that Jackson failed to return his entire court file prior to his release from incarceration, thereby hindering Brodie from having access to what he considered to be critical evidence in formulating his appeal.  Amd. Compl. ¶ 20 (Count 8).  Similarly, Brodie claims that, during the course of his legal representation, Jackson failed to review the trial transcript and his criminal case file with Brodie.  *Id.* ¶ 22 (Count 10).  Brodie claims that

Jackson's professional negligence led to Brodie's sentence, the loss of $56,000 in attorney fees for services that Brodie claims he did not receive, and Brodie's high blood pressure.  Amd. Compl. ¶¶ 23-25.

Defendant now moves for judgment as to the remaining claims, reasserting yet again his argument that Brodie's claims are barred by collateral estoppel.  With this motion ripe for consideration, the Court turns to the parties' arguments and the applicable legal standards.[1]

## III.  ANALYSIS

### A.  Legal Standard for Judgment on the Pleadings

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  *See* FED. R. CIV. P. 12(c).  Under Federal Rule of Civil Procedure 12(c), the Court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmovant.  *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995).  The court should grant a motion for judgment on the pleadings if the movant "is entitled to judgment as a matter of law."  *See Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995).

---

[1]     Brodie filed a motion for leave to file a sur-reply, stating that he seeks to respond to new factual allegations and legal issues raised by Jackson in his reply brief.  *See generally* Pl.'s Mot. for Leave to File Sur-reply, Dkt. # 31.  However, Brodie fails to identify these new factual and legal issues.  In any event, the Court has not considered any new facts or law that Jackson may have raised in his reply and therefore a sur-reply is not helpful to the Court.  Accordingly, the Court denies Brodie's motion for leave to file a surreply.  *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) ("the determination as to whether to grant or deny leave is entrusted to the sound discretion of the district court"); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying leave to file a sur-reply where the plaintiff failed to demonstrate that the defendant's reply presented any new matters).

Generally, if a court considers matters outside the pleadings, then a motion for judgment on the pleadings will be treated as a motion for summary judgment.  However, this is not so if the court is merely taking judicial notice of its own records, as the Court is doing here.  *Cf.* 18 FED. PRAC. & PROC. § 4405 n.32 (explaining that a court may consider res judicata arguments raised in a Rule 12(b)(6) motion so long as it considers the pleadings and materials of which the court may take judicial notice).

**B.  Legal Standard for Collateral Estoppel**

Under issue preclusion (also known as collateral estoppel), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness."  *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted).  A defendant may assert "collateral estoppel to prevent a plaintiff's litigation of issues the plaintiff previously litigated and lost . . .  even though the defendant was not himself bound by the prior judgment."  *McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980).

**C.  The Doctrine of Issue Preclusion Bars Brodie's Legal Malpractice Claims**

Jackson argues that Brodie's claims are precluded by the decisions of the D.C. Circuit

and Judge Huvelle, both of which rejected Brodie's arguments that Jackson had rendered ineffective assistance of counsel.[2]   Def.'s Mot. at 9.   Jackson contends that the issue addressed in those prior decisions is the same as the issue presented to this Court, *i.e.* whether Jackson's performance was so deficient as to prejudice Brodie in his criminal proceedings.   *Id.* at 14. According to Jackson, Brodie cannot defeat issue preclusion by offering new legal theories or factual assertions that he neglected to previously raise.   *Id.* at 15.

Brodie responds that the issues dealt with in his criminal proceedings are different than the issues he raises in this legal malpractice suit, and thus issue preclusion does not apply.   Pl.'s Opp'n at 1, 7.   Brodie insists that nowhere "in the court's established records . . . [has Brodie] previously brought up the issues stated in [his] complaint."   *Id.* at 7.   According to Brodie, the crux of the instant legal malpractice suit is that Jackson failed to "submit[] a motion of judgment of acquittal [based] on the specific issues complained of in [the instant] amended complaint."   *Id.* at 10.   Indeed, Brodie states that he would not have filed a civil suit against Jackson if Jackson had simply filed a motion for acquittal.   *Id.*

Collateral estoppel may preclude a plaintiff from raising legal malpractice claims if the plaintiff has previously presented an unsuccessful ineffective assistance of counsel claim that raised the same factual and legal issues.   *See e.g.*, *McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980); *Alevras v. Tacopina*, 226 F. App'x 222 (3d Cir. 2007).   In addressing whether

---

[2]   The parties conflate claim preclusion and issue preclusion (respectively referred to as res judicata and collateral estoppel).   "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."   *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010).   Brodie's prior ineffective assistance of counsel claim and his instant legal malpractice claims are two separate causes of action.   Moreover, Jackson was not a party in the criminal proceedings nor in privity with the government.   Accordingly, claim preclusion does not apply.

collateral estoppel is appropriate, the Court turns to consider what issues were litigated and decided in the prior criminal proceeding and whether any of those decided issues remain material and preclude the instant malpractice claims.[3]

In his criminal appeal, Brodie argued, *inter alia*, that "his counsel was ineffective in failing to move for judgment of acquittal." *United States v. Brodie*, 524 F.3d 259, 273 (D.C. Cir. 2008). Brodie did not specify what arguments his counsel should have put forth in such a motion for acquittal. Instead, Brodie averred that his "counsel acted as a rubber stamp for the prosecution" and that Jackson had been hired to request acquittal but had failed to do so. *United States v. Brodie*, No. 05-3131, Brodie's "Amdmt. to Appellant's Pro-Se Suppl. Br." at 24-25 (June 26, 2006); *id.*, Brodie's "Mot. En Banc De Nova" at 7 (Aug. 8, 2008). The Circuit swiftly rejected Brodie's ineffective assistance of counsel claim, explaining that even if Brodie could show that his counsel had erred by not filing a motion for acquittal, Brodie had not suffered prejudice "[b]ecause the evidence of Brodie's guilt was overwhelming."[4] *United States v. Brodie*, 524 F.3d at 273. In finding that there was no prejudice, the Circuit determined that Brodie could not show "a reasonable probability that, but for [Jackson's failure to file a motion for acquittal], the result of the proceeding would have been different." *Strickland v. Florida*

---

[3]     The other requirements for issue preclusion are clearly met. First, there is no question that the D.C. Circuit is a court of competent jurisdiction. Second, preclusion would not "work an unfairness" since Brodie "had every incentive in his criminal proceedings to argue aggressively for his claim of ineffective assistance of counsel." *McCord v. Bailey*, 636 F.2d at 609; see also *Johnson v. Sullivan*, 784 F. Supp. 2d 1, 12 (D.D.C. 2010) (finding that preclusion of plaintiff's malpractice claims did not work a basic unfairness because plaintiff "vigorously and persistently sought post-conviction relief and had the benefit of legal representation).

[4]     The Circuit used the phrase "trial counsel" to refer to both Jackson and Johnson. *See United States v. Brodie*, 524 F.3d at 272 (referring to trial counsel when discussing the alleged ineffectiveness during sentencing, which was handled by Jackson).

*State Prison*, 466 U.S. at 698.  In sum, the Circuit believed that the evidence against Brodie was so incriminating that even if Jackson had filed a motion for acquittal, Brodie would still have been convicted.

In the instant case, Brodie again argues that Jackson should have filed a motion for acquittal.  This time around, Brodie arguments are more detailed, contending that Jackson should have filed a motion for acquittal in light of evidence that Brodie was a citizen, that he was not self-employed, and that he did not falsify his income tax returns.  Presumably, Brodie believes that such evidence would have refuted the prosecution's claim that Brodie lied on the mortgage applications with respect to his nationality, income, and employment.[5]  However, as with the ineffectiveness of counsel claim, Brodie has to show also that Jackson's failure to file a motion for acquittal caused him harm, in order to succeed with his instant legal malpractice claims.  *See Bigelow v. Knight*, 737 F. Supp. 669, 671 (D.D.C. 1990) (stating that a plaintiff in a legal

---

[5]     Brodie suggests that these more specific arguments were not available to him previously because the evidence supporting such arguments came to his attention only upon his release from prison, *i.e.*, once he was able to travel to Richmond and photocopy Jackson's files.  However, the record disproves Brodie's contention that such evidence is new: during his appeal, Brodie raised evidence of his U.S. Citizenship and of his employment in a company called I.C.N. (which would have demonstrated that he was not self-employed).  *See United States v. Brodie*, No. 05-3131, Brodie's Brief "In Lieu of Oral Argument" at 9 (June 8, 2007); *id.*, Brodie's "Amdmt. to Appellant's Pro-Se Suppl. Br." at 21 (June 26, 2006).  Furthermore, Brodie disingenuously states that at the time he prepared his appeal, he only had his indictment, when in reality the record is clear that Brodie had the "pertinent trial transcripts, which he [] used to perfect [his] pro-se appellant brief, and the supplemental briefs thereafter."  *See id.*, Brodie's Pro-Se Appellant response to Court Ordered Transcript Status Filing (Jan. 19, 2007).  Indeed, contrary to complaining that he lacked the proper documentation needed to formulate his appeal, Brodie urged the Circuit not to delay in its review of his case and expressed his belief that his appellant briefing was sufficient for a "full review of [his] case."  *Id.*  Accordingly, the Court rejects Brodie's argument, insofar as he suggests that his legal malpractice claims should not be precluded because he could not have raised these arguments until now.  *See Alveras*, 226 F. App'x at 230 (holding that plaintiff "had the opportunity to challenge [his counsel's] competence, prior to and at the sentencing hearing, in his [post-conviction motion].  [Plaintiff's] failure to assert the [] issue in favor of that [ineffective assistance of counsel] claim does not give him the right to relitigate [his counsel's] effectiveness again in this separate [legal malpractice] action.").

malpractice claim must show that the counsel's "negligence resulted in and was the proximate cause of the loss to the client"); *Strickland v. Florida State Prison*, 466 U.S. 668, 698 (1984) (holding that an ineffective assistance of counsel claim requires the criminal defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

As explained above, the Circuit has already decided that Jackson's failure to file a motion for acquittal caused Brodie no prejudice because the evidence of his guilt was overwhelming. Thus, the issue litigated and decided by the Circuit during the course of Brodie's criminal appeal—*i.e.*, whether or not Jackson's alleged failure to file a motion for acquittal caused Brodie harm—is identical to the issue of damages which Brodie's must show to succeed with his legal malpractice claims.  Brodie cannot argue that the issues he presents in this legal malpractice suit are different than those presented in his criminal appeal simply by providing more detailed arguments now as to why Jackson should have moved for acquittal.  *Yamaha*, 961 F.2d ("[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case.").  The fact remains that a prior court of competent jurisdiction has already decided that Jackson did not cause Brodie any harm, even though Jackson erred in failing to file a motion for acquittal on Brodie's behalf.  Because Brodie's legal malpractice claims hinge upon his claim that Jackson's failure to file a motion for acquittal caused him harm, and because the Circuit has already decided that issue, the Court

grants Jackson's motion for judgment on the pleadings and dismisses this action under the

doctrine of issue preclusion. [6]

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion for judgment

on the pleadings.  An Order will be issued simultaneously and contemporaneously with this

memorandum opinion.


July 23, 2013

_Barbara J. Rothstein_

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[6]    Most of Brodie's claims directly complain of Jackson's failure to file a motion for acquittal, and the rest of his claims are premised on the notion that the failure to file for acquittal caused him harm.  Indeed, Brodie concedes as much when he states that he would not have filed a civil suit against Jackson if he had simply filed a motion for acquittal.  *See* Pl.'s Opp'n at 10.  For instance, Brodie claims that Jackson was negligent when he failed to review and return Brodie's criminal file in a timely fashion.  Brodie suggests that the Jackson's failure to review and return his file led to Jackson not filing a motion for acquittal, which in turn led to Brodie's prolonged incarceration and other alleged damages.  Because all of Brodie's instant claims are premised on whether Jackson harmed Brodie by neglecting to file a motion for acquittal, and because that issue is precluded under the doctrine of collateral estoppel, the Court concludes that all of Brodie's claims must be denied.